[No. 19010.   Department One.   April 2, 1925.]

# THE STATE OF WASHINGTON, *Respondent,* v. HENRY BRUEMMER, *Appellant.*[1]

FALSE PRETENSES (13)—EVIDENCE—ADMISSIBILITY. In a prosecution for obtaining money by false pretenses, it is not error to exclude, as immaterial, checks offered to show that the accused was in the cattle business, where he could not identify any of the checks as having anything to do with the offense charged.

SAME (15)—EVIDENCE—RESTITUTION—OFFER OF COMPROMISE. In a prosecution for obtaining money by false pretenses, offers of restitution are admissible as one of the attendant circumstances.

WITNESSES (52)—PRIVILEGED COMMUNICATIONS — ATTORNEY AND CLIENT. The testimony of a former attorney for the accused as to an admission made by him is admissible where the relationship of attorney and client did not exist at the time the admission was made.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered August 13, 1924, upon a trial and conviction of larceny. Affirmed.

*Frank S. Carroll* and *A. A. La Fromboise,* for appellant.

*J. W. Selden* and *J. A. Sorley,* for respondent.

ASKREN, J.—Appellant was convicted of the crime of grand larceny, which, according to the information, consisted of obtaining $225 and a cow from one Rupert Hubli by false representations as to two Holstein cows which were given in exchange.

Appellant's assignments of error, as we gather from the brief, relate solely to the introduction of evidence. He objects because the trial court refused to permit him to introduce a large number of checks, and thereby he was prevented from showing what business he was engaged in. The record shows that, prior to the time

[1]Reported in 234 Pac. 448.

these checks were offered, appellant testified that he was in the cattle business, but that he could not identify any of the checks as having anything to do with the transaction which was the basis of the crime charged. The evidence, therefore, was immaterial and the court was right in refusing it.

It is next claimed that appellant was required to answer whether he had offered to return the money to the prosecuting witness in an endeavor to have the case dismissed. He insists this was an offer of compromise and should have been rejected. The rule is well settled that offers of compromise are inadmissible in civil cases, but in criminal cases offers of restitution may be offered to the jury with all attendant circumstances.

The next contention is that the court erred in permitting a former attorney for appellant to testify with regard to a statement made by appellant at variance with testimony offered by him herein. Objection was made upon the ground that the relationship of attorney and client existed at the time the information was given. When the question was raised, the court excused the jury and made a complete investigation to determine whether or not such relationship existed at the time. Without setting forth the evidence in detail, it conclusively shows that not only was the witness not the attorney for appellant at that time, but was the attorney for the prosecuting witness in this case, and the matter in inquiry was directed to the question as to where the cows in controversy came from, inasmuch as the prosecuting witness was then a defendant in a civil action for replevin wherein the owner sought recovery of the cows in question.

It is also contended that the court erred in not granting a new trial on the ground of newly discovered evidence. This point is not argued in the brief of appel-

lant, nor do we find any affidavits or other matters in the record suggesting any newly discovered evidence.

From the foregoing it appears that the judgment of the trial court was right, and it is hereby affirmed.

TOLMAN, C. J., MAIN, BRIDGES, and PARKER, JJ., concur.